OPINION
{¶ 1} Defendant-appellant Marvin L. Rodgers appeals from his conviction and sentence for Attempted Possession of Crack Cocaine in an amount equal to, or greater than, 10 grams, but not greater than 25 grams, a felony of the third degree. Rodgers's conviction and sentence followed his plea of guilty to the charge.
 {¶ 2} Rodgers's appellate counsel has filed a brief pursuant to Andersv. California (1967), 386 U.S. 738, reflecting the fact that appellate counsel could find no assignments of error having arguable merit. By entry filed herein on November 8, 2004, we advised Rodgers that his appellate counsel had filed an Ander's brief, and allowed him sixty days within which to file is own, pro se brief. He has not filed his own, pro se brief.
 {¶ 3} Pursuant to Anders v. California, supra, we have independently reviewed the record. We agree with Rodgers's appellate counsel that there are no potential assignments of error having arguable merit.
 {¶ 4} Rodgers was initially charged by indictment with Possession of Crack Cocaine in an amount equaling or exceeding five grams, but less than ten grams. Counsel was assigned to represent Rodgers, and accepted delivery of the prosecutor's information packet. It appears from the record that both sides prepared for trial, and filed written lists of witnesses. Eventually, however, a plea bargain was negotiated, wherein Rodgers agreed to waive indictment, and accept a bill of information charging him with Attempted Possession of Crack Cocaine in an amount equaling or exceeding ten grams, but not exceeding 25 grams, and further agreeing to plead guilty to that charge. For its part, the State agreed to dismiss the outstanding indictment, and to recommend that the trial court impose a community control sanction.
 {¶ 5} We have reviewed the plea hearing, and it appears that the trial court properly advised Rodgers of his rights. The trial court also advised Rodgers of the possible penalty that could be imposed for the offense to which he was pleading guilty, and specifically advised Rodgers: "The Court's not obligated in any way to place you on community control."
 {¶ 6} It appears from the record that Rodgers understood the rights he was waiving by pleading guilty, as well as the consequences of his plea, and that he tendered his plea voluntarily, with full understanding of his rights and the potential consequences.
 {¶ 7} Finally, we have reviewed the transcript of the sentencing hearing. Although the trial court did not impose a community control sanction, as the State had agreed to recommend, it did impose the minimum sentence — incarceration for one year. In imposing that sentence, the trial court noted its finding that Rodgers was not then amenable to community control supervision.
 {¶ 8} Like Rodgers's appellate counsel, we have found no potential assignments of error having arguable merit. Accordingly, we conclude that this appeal is wholly frivolous.
 {¶ 9} The judgment of the trial court is Affirmed.
Brogan, P.J., and Grady, J., concur.